Kanwal KUMAR, Plaintiff-Appellant,

v.

MARION COUNTY COMMON PLEAS COURT, DIVISION OF DOMESTIC RELATIONS; Hon. Robert A. Kelly, Judge of said Court; Hon. Donald Hall, Marion County Common Pleas Court, Division of Domestic Relations; Marion County Bar Association; Thomas K. Jenkins, President; Margaret Howser, Clerk of Court, Marion County Common Pleas Court; Margaret Newman, Assignment Clerk, Marion County Common Pleas Court; Domestic Relations; Robert O. Stout; Michael C. Piacentio, Morrow County Common Pleas Court, Division of Domestic Relations; Hon. Gale B. Weller, Judge; Vivian Belt, Court Reporter, Morrow County Common Pleas Court; Albert Bell, Attorney, Ohio State Bar Association; V.A. Cooper, Marion County Welfare Department, Defendants-Appellees.

No. 81–3715.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1983.

Decided April 13, 1983.

Kanwal Kumar, pro se.

Carl Genberg (argued), Columbus, Ohio, for plaintiff-appellant.

John W. Hackett, Jr., Shumaker, Loop & Kendrick, Toledo, Ohio, for Marion Cty. Ct. and Judges.

Rolf Scheidel (argued), David M. Schnorf, Schnorf, Schnorf & Holmes, Toledo, Ohio, for Marion Cty. Bar Ass'n.

Robert B. Gosline, Shumaker, Loop & Kendrick, Toledo, Ohio, for Michael C. Piacentio.

Thomas E. Ray, Pros. Atty., Morrow County, Mount Gilead, Ohio, for Morrow County Common Pleas Ct. and Judges.

Charles E. Ide, Jr., Secor, Ide & Callahan, Toledo, Ohio, for Albert Bell.

Jamille G. Jamra, Eastman & Smith, Toledo, Ohio, for Robert O. Stout.

John R. Welch, Ohio State Bar Ass'n, Columbus, Ohio, for Ohio St. Bar Ass'n.

Before LIVELY and MARTIN, Circuit Judges, and HILLMAN,* District Judge.

PER CURIAM.

This is a civil rights action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 in which Kanwal Kumar seeks redress for alleged violations of his constitutional rights to due process and to equal protection of the laws. The district court, after thorough consideration of all issues raised by the complaint as amended, dismissed the action as to all defendants. We affirm.

Briefly, the case arises out of divorce proceedings instituted in Ohio. Suit was originally filed by Kumar's wife in Marion County. Following Kumar's motion to dismiss the Marion County action, however, the court entered an order transferring the action to Morrow County on venue grounds. Kumar thereupon filed suit against his wife and she countered by entering a cross-complaint. Following a six-day trial before a judge, Mrs. Kumar was granted a divorce on grounds of gross neglect. She was awarded custody of the couple's two children.

Kumar unsuccessfully appealed the judgment to the state appellate court. His petition to certify an appeal to the Ohio Supreme Court was denied. Thereafter, Kumar filed this civil rights action in federal district court against fourteen separate defendants; including the court, judges, referee, clerk of court, court reporter, welfare investigator and the Kumars' respective attorneys, all of whom were involved to some degree in the divorce litigation. Additionally, Kumar joined the Ohio State Bar Association, its President, and its chief investigator as defendants.

Although he implicates thirteen other defendants, the core of Kumar's complaint is directed at Donald Hall, the divorce referee in the subsequently dismissed Marion County action. Hall, Kumar claims, acted illegally in hearing Kumar's divorce suit because he was not an attorney as required by state law and because he failed to submit a post-hearing report to the Marion County court. According to Kumar, Hall's actions taken under color of state law deprived Kumar of his constitutional rights to due process and the equal protection of the laws. The district court, in a thorough and well-reasoned opinion, dismissed the action as to all defendants.

Kumar notified us shortly before oral argument that he would limit this appeal to the lower court's dismissal of his action against Hall. Accordingly, we need not consider the district court's order as it affects the other thirteen defendants.

After careful consideration, we affirm the dismissal of this action against Hall. First, we can find no infringement of any right guaranteed to Kumar by the constitution. There is no constitutional right to a hearing or trial before a legally trained attorney-judge, especially where, as here, full judicial review on appeal is possible.

* Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation.

*See, North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). Apart from our conviction that Hall's influence on the outcome of these divorce proceedings was negated with dismissal of the original action in Marion County, that Kumar was able to, and did, avail himself of the opportunity to appeal to two separate levels of appellate courts more than insures that his case was fairly and adequately decided.

Second, assuming arguendo a constitutional claim on Kumar's part, we nevertheless find that his rights are adequately protected by state law. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Like *Parratt,* this case is not one where plaintiff alleges a deprivation as a result of established state procedure. Rather, Kumar's injury, if it exists, is the result of the unauthorized failure of certain state agents to follow established state law. *See id.* at 533, 101 S.Ct. at 1911; Ohio R.Civ.P. 53. Moreover, like *Parratt,* the state here provides a remedy to persons like Kumar injured as a result of the acts of state agents. *See id.* at 533, 101 S.Ct. at 1911; Ohio Rev.Code Ann. § 9.86. That the remedy may not be all that Kumar may have hoped for under section 1983 "does not mean that the state remed[y] [is] not adequate to satisfy the requisites of due process." *Id.* at 544, 101 S.Ct. at 1917.

We add, parenthetically, that we are hard-pressed to discover any injury suffered by Kumar as a result of the actions allegedly taken by Hall. As we discussed above, Kumar had a full, fair six-day trial before a judge followed by opportunity to appeal to two separate levels.

The order of the district court dismissing this action is affirmed.